MARILYN T., INC., Plaintiff-Appellant,

v.

Robert B. EVANS, Jr., In His Official Capacity of Chairman of the Jefferson Parish Council, Lloyd F. Giardina, In His Official Capacity of Member of the Jefferson Parish Council, et al., Defendants-Appellees.

No. 85–3659.

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1986.

Graymond F. Martin, Catherine Maureen Blackburn, New Orleans, La., for plaintiff-appellant.

Daniel R. Martiny, Asst. Parish Atty., H.A. Vondenstein, Parish Atty., Gretna, La., for defendants-appellees.

Before WISDOM, JOHNSON and HIGGINBOTHAM, Circuit Judges.

WISDOM, Circuit Judge:

■ The plaintiff, Marilyn T., Inc., appeals from the denial of its motion for a preliminary injunction. The plaintiff sought reinstatement of its commercial lessor's license, which the Jefferson Parish Council suspended pending a revocation

hearing for alleged violations of the parish "bingo" laws. The issue in determining whether to grant the preliminary injunction was whether the suspension was unconstitutional because it was rendered without a proper hearing and without sufficient evidence. During the pendency of this appeal, the Parish Council held a revocation hearing and permanently revoked the plaintiff's license. Because of this intervening event, we find that the present appeal is moot and, therefore, dismiss the appeal.

## I.

Marilyn T., Inc., held a commercial lessor's license issued by the Jefferson Parish Council. The license authorized Marilyn T. to lease its premises to charitable organizations that were licensed to conduct bingo games. At a meeting on September 25, 1985, the Jefferson Parish Council received a report from the Parish District Attorney's office alleging that Marilyn T. had violated section 6–150 of the Jefferson Parish Code of Ordinances by accepting illegal compensation from the operation of bingo games. Acting upon the District Attorney's recommendation, the Parish Council unanimously passed Resolution No. 54690, suspending Marilyn T.'s commercial lessor's license and ordering a public hearing on October 23, 1985 to decide whether Marilyn T.'s license should be permanently revoked.[1]

Marilyn T. brought this action seeking damages and injunctive relief against the named defendants, the members of the Jefferson Parish Council, on various constitutional grounds. Marilyn T. then moved for a preliminary injunction to enjoin the enforcement of the Council's resolution that suspended Marilyn T.'s license.[2] The district court set a nonevidentiary hearing for October 10, 1985. Marilyn T. argued that the suspension violated the due process clauses of the federal and state constitutions because the suspension of the license was without prior notice and a hearing and without sufficient cause. The district court found that the suspension did not violate Marilyn T.'s constitutional rights and denied the motion in its opinion and order of October 15, 1985. Marilyn T. filed a notice of appeal on October 18, 1985. Five days later, on October 23, 1985, the Jefferson Parish Council held a public hearing at which Marilyn T.'s license was permanently revoked.[3]

## II.

We find no need to decide whether the district court should have issued the preliminary injunction because the issue is now moot. Even if we were to decide that the suspension was illegal and that the preliminary injunction should have been issued, "[n]o order of this Court could affect the parties' rights with respect to the injunction we are called upon to review."[4] The Jefferson Parish Council has since provided a hearing at which it permanently revoked Marilyn T.'s license.

Marilyn T. maintains, nevertheless, that its appeal is not moot because it continues to suffer harm from the loss of its license. It argues that this court can fashion effective relief by declaring the suspension *and*

---

1. Section 6–148 of the Jefferson Parish Code of Ordinances provides:

   The parish council shall have the power to revoke or suspend a [bingo] permit immediately upon notification of an alleged violation of any provision of this article. The Council would then be compelled to call a public hearing on the alleged violation within thirty (30) days of the suspension to determine whether or not the permit should be permanently revoked.

   Section 6–154 provides that the suspension procedures set forth by § 6–148 also apply to the suspension of commercial lessor's licenses that allow leasing to operators of bingo games.

2. Marilyn T.'s earlier motion for a temporary restraining order was denied.

3. At oral argument on appeal, counsel for both parties stated that the council had conducted a revocation hearing and had revoked Marilyn T.'s license.

4. *Honig v. Students of the California School for the Blind,* 471 U.S. 148, 149, 105 S.Ct. 1820, 1821, 85 L.Ed.2d 114, 116 (1985); *see also Brown v. New Orleans Clerks and Checkers Union Local No. 1497,* 590 F.2d 161, 164 (5th Cir. 1979).

revocation procedures unconstitutional and ordering reinstatement of its license. These concerns are not properly before the court, however. This appeal is from the denial of a preliminary injunction. The sole issue concerning the denial is whether the initial suspension should have been enjoined. Whether the later revocation was proper has not yet been decided by the district court. Nor has the district court decided whether Marilyn T. is entitled to damages for either the suspension or revocation. To grant the relief that Marilyn T. now requests, we would have to decide these issues. Because these issues have yet to be resolved by the district court, they are not before us on appeal.[5]

█ We recognize the certain appeals, otherwise moot, may be decided if they involve issues "capable of repetition, yet evading review."[6] This principle is inapplicable in those situations in which the issues underlying the moot appeal are *not* moot in the case remaining before the district court.[7] In this case, the district court's denial of the preliminary injunction is not a final decision on the constitutionality of the Parish Council's action of suspending the license.[8] Marilyn T.'s damage action remains before the district court. Resolution of the damage claim will involve consideration of the constitutionality of the suspension. Thus, upon a final judgment in the district court disposing of all of Marilyn

T.'s claims, this court will be able to review the constitutionality of the suspension.

### III.

█ Generally, when a case becomes moot on appeal, the appellate court should vacate the order of the district court and order dismissal of the action.[9] If only the appealed order is moot but other issues remain, the appellate court should vacate the appealed order and remand the case for further proceedings.[10] In both situations, the district court's order is vacated so that the party unable to secure appellate review is not bound by the preclusive effects of the unreviewed order.[11] Here, we see no reason to vacate the district court's order because it is an interlocutory order that has lost its effectiveness.[12] We simply dismiss and remand the case for further proceedings as may be appropriate.

5. When an appeal from an interlocutory order concerning injunctive relief becomes moot, appellate courts routinely decline to address the other issues remaining before the district court. *See, e.g., Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp.,* 746 F.2d 251 (5th Cir.1984); *Brown v. New Orleans Clerks and Checkers Union Local No. 1497,* 590 F.2d 161, 165 (5th Cir. 1979); *Gjertsen v. Board of Election Comm'rs,* 751 F.2d 199 (7th Cir.1984).

6. *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). *See generally* Comment, *A Search for Principles of Mootness in the Federal Courts: Part One—The Continuing Impact Doctrines,* 54 Tex.L.Rev. 1289 (1976).

7. *Gjertsen v. Board of Election Comm'rs,* 751 F.2d 199, 202 (7th Cir.1984).

8. *See id.*

9. *United States v. Munsingwear,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950).

10. *Crowell v. Mader,* 444 U.S. 505, 506, 100 S.Ct. 992, 62 L.Ed.2d 701 (1980).

11. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950).

12. *Gjertsen v. Board of Election Comm'rs,* 751 F.2d 199, 202 (7th Cir.1984); 13A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3533.10 at 435–36 (1984); *see also Gaylord Broadcasting Co. v. Cosmos Broadcasting Corp.,* 746 F.2d 251, 254 (5th Cir.1984) (appeal dismissed and case remanded on moot appeal from denial of preliminary injunction).