**Ruben GARZA, Miguel Leal and Cruz Gonzales, Jr., Plaintiffs–Appellants,**

v.

**Honorable Mike WESTERGREN, et al., Defendants–Appellees.**

**No. 89–6311**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 14, 1990.

Rehearing Denied Sept. 12, 1990.

Juan Perales, Jr., Robstown, Tex., for plaintiffs-appellants.

Darrell Barger and Francis Gandy, Corpus Christi, Tex., for Honorable Mike Westergren.

Thomas K. Anson, Hays & Anson, Austin, Tex., for Roy Gutierrez.

Before HIGGINBOTHAM, SMITH and BARKSDALE, Circuit Judges.

BARKSDALE, Circuit Judge:

This appeal is of an order issued by the United States District Court for the Southern District of Texas, denying a preliminary injunction. Two of the appellees move to dismiss this appeal and for an award of attorney's fees and double costs, contending that the appeal has been rendered moot by a Texas state court order of contempt entered December 5, 1989. We agree, DISMISS the appeal and award attorney's fees and double costs.

## I.

Appellants are former members of the City Council of Robstown, Texas. During their tenure, the City of Robstown filed suit against the Robstown Utility Systems Board of Trustees (Board) to prohibit Board members from misapplying public funds in contravention of city, state and federal law. The Board counterclaimed to invalidate certain city ordinances.

The Texas state court, appellee Judge Westergren presiding, found in favor of the Board, and among other relief, enjoined the City of Robstown from interfering with the management and control of the utility system. The Texas Court of Appeals affirmed. On August 22, 1989, the Board filed a motion for contempt in the state court against appellants and their attorney, Juan Perales (Perales), alleging that they had violated the injunction. (Perales represents appellants here as well.)

After several continuances, the contempt hearing was scheduled for December 1, 1989; and appellants unsuccessfully attempted to obtain relief in Texas state courts to prevent the hearing. Therefore, on November 28, 1989, appellants filed a complaint in United States District Court against Judge Westergren, the City of Robstown, Julio Garcia, Mayor of Robstown, and Roy Gutierrez, superintendent of the utility systems department of Robstown, seeking, *inter alia*, to enjoin Judge Westergren from holding the hearing on the contempt allegations. The complaint also sought additional relief under 42 U.S.C. § 1983.

The district court denied the injunction on November 30, 1989, finding that an injunction "would not aid this Court in its jurisdiction but would instead interfere with the [Texas] 214th District Court in its efforts to determine the breadth and meaning of its own order and final decision." Later that day, appellants filed in this court an appeal of the district court's order; and on December 1, 1989, this court affirmed the denial of relief. By separate order that same day, this court denied appellants' motion for a stay pending application for a writ of certiorari to the Supreme Court.

On December 1, 1989, Judge Westergren proceeded with the contempt hearing; and by order dated December 5, 1989, determined that appellants, aided and abetted by their legal counsel, violated the injunction. But only appellants' counsel, Perales, was held in contempt. Appellants were not held in contempt, because the court found that their actions had been taken in reliance upon advice of legal counsel.

On December 11, 1989, appellants filed the appeal in issue with this court, requesting the same relief as in their previous November 30 appeal (the notices of appeal are virtually identical). On April 26, 1990, this court denied appellants' motion for an injunction pending appeal and granted their motion to expedite the appeal once all briefs were on file.

## II.

### A.

Appellees assert that the appeal is moot because the state court, by not finding appellants in contempt, granted appellants all the relief they sought in that aspect of their district court action by which they sought to enjoin the contempt hearing. (As stated earlier, appellants also sought additional relief in their complaint based on § 1983.)

Appellants respond that they complain "not only of the prosecution of the contempt action by the Board, but that the recognition and existence of the Board as a governmental entity and its exercise of governmental functions, deprives the Plain-

tiffs of their constitutional rights.... [T]he injunctive relief requested by the Appellants to restrain the continuing unlawful acts of the Defendants is not moot because of the Defendant Westergren's actions and findings on the contempt proceeding." Appellants contend that under Texas law, the state court was without authority or jurisdiction to consider or maintain the counterclaims filed by the Board.

The only issue decided by the district court was to deny the injunction to stay the contempt proceeding; therefore, that is the sole issue for appeal. Because the contempt proceeding has occurred, this appeal is moot. *Marilyn T., Inc. v. Evans*, 803 F.2d 1383 (5th Cir.1986).

Furthermore, this exact issue was on appeal before this court, and was denied, on December 1, 1989.

### B.

■ Accordingly, appellees' request for an award of attorney's fees and double costs pursuant to Federal Rule of Appellate Procedure 38 is proper, because this appeal is frivolous. FRAP Rule 38; *Pillsbury Co. v. Midland Enterprises, Inc.*, 904 F.2d 317, 318 (5th Cir.1990). Further, we find that 28 U.S.C. § 1927 is applicable.* *Corpus Christi Taxpayer's Assn. v. City of Corpus Christi*, 858 F.2d 973, 977 (5th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989). Appellees are therefore entitled to an award of such fees, expenses and costs under Rule 38 and § 1927, including against Perales personally for the unreasonable and vexatious multiplication of this proceeding by this appeal (second) to this court.

### III.

IT IS ORDERED that the motions to dismiss the appeal are GRANTED. We REMAND for further proceedings on the merits as may be appropriate. *Marilyn T.,* 803 F.2d at 1385.

---

* 28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and

IT IS FURTHER ORDERED that the motions for an award of double costs and attorney's fees are GRANTED, and we REMAND for a determination of the attorney's fees and other expenses reasonably incurred by appellees by virtue of this appeal. Double costs of the appeal are also assessed. The district court shall enter judgment against appellants and Perales for such fees, expenses and costs and shall apportion the amounts awarded between appellants and Perales. *Pillsbury,* at 318; *Corpus Christi,* 858 F.2d at 978.

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."