**In re Randy TAYLOR, Appellant.**

No. 90–4066.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1990.

Ronald L. Goranson, Dallas, Tex., John Hannah, Tyler, Tex., for Randy Taylor.

David Lee Bridges, Frank Doughitt, General Counsel, State Bar of Texas, Linda A. Acevedo, Austin, Tex., for State Bar of Texas.

Before RUBIN, GARWOOD and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

A lawyer appeals sanctions imposed by a district court for conduct out of the court's presence. The lawyer resigned as a member of the bar of that court. We dismiss the appeal as moot.

I.

Randy Taylor is a Texas lawyer. After dental surgery in October of 1988, Taylor began complaining of "migraine" headaches, but neither his dentist nor his family physician would prescribe medication for the pain. On November 8, 1988, Taylor took an unprescribed substance given to him by a friend. The next day he was hospitalized; tests indicated that the home remedy included controlled substances.

In a proceeding to suspend Taylor from the Bar of the United States District Court for the Eastern District of Texas, the district court found that Taylor "knowingly ingested a controlled substance without a prescription and in such quantities as would necessitate hospitalization for six days." *In re Randy Taylor*, No. TY–88–00145, memorandum op. at 17 (E.D.Tex. December 22, 1989) (en banc). The district court concluded that Taylor's conduct was unbecoming of a member of the bar, and that such conduct "undermines the public confidence and trust in the legal profession, and displays a blatant disrespect for the law." *Id.* at 18. In its order, the district court sanctioned Taylor (1) to undergo continued drug monitoring for six months at his own expense; and (2) to provide free legal services to indigents for a total of 480 hours (exclusive of court appearances and time spent investigating the cases), including maintaining an office in Plano, Texas; operating the office eight hours per day, on Saturday of each week; advertising the free services; securing professional liability insurance; and providing an accounting of work done and costs incurred to the U.S. Probation Office. These free legal services were to commence on or

before June 1, 1990. The district court concluded its order by stating, "Should respondent fail, without valid excuse, to obey the provisions of this order, in good faith, he shall be subjected to such further sanctions as the Court may direct, which may include disbarment." *Id.*, order at 4.

Taylor then appealed the district court's order to this court. He does not challenge here the district court's finding that he engaged in conduct subjecting him, as a member of the bar, to some sanctions. Taylor's fire rather is directed toward the nature and extent of the sanctions, particularly the amount of ordered free legal services. Nevertheless, on June 1, 1990, Taylor resigned from the Bar of the Eastern District of Texas. For the reasons given below, we find that with Taylor's resignation this matter is now moot. As there is no longer a "case or controversy" surrounding the district court's order, we do not reach the points of error argued by Taylor on appeal.

## II.

 The judicial power vested in the federal courts by Article III of the Constitution extends only to actual cases or controversies. U.S. Const. art. III, § 2. An actual controversy must exist not only at the date of initiation, but at every stage in the judicial process. *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir.1986). Therefore, if the subject of an appeal has become moot, the appellate court may not decide it. *H.K. Porter Co., Inc. v. Metropolitan Dade County*, 650 F.2d 778, 782 (5th Cir.1981). When a case becomes moot on appeal, the appellate court should vacate the order of the district court and order dismissal of the action. *Marilyn T., Inc. v. Evans*, 803 F.2d 1383, 1385 (5th Cir.1986).

 We have concern over the possible punitive character of the sanctions imposed on Taylor for conduct outside the presence of the court, but we do not reach their merit. We read the order to reach Taylor only as a member of the bar of the Eastern

District of Texas. That is, Taylor's obligation under the order ended on his resignation. We do not reach the question of the effect of the resignation upon the district court's power. Rather, we only interpret the order.

Taylor stated in his letter of resignation that he wanted to preserve his right to appeal the order, but that can have no bearing on our conclusion. We would be condoning a self-help type stay; that is, by resigning he avoids the order but yet is able to challenge it. Taylor's argument against mootness based on possible collateral consequences that might stem from the district court's order is also insufficient to dissuade us from our conclusion. Nor do we speculate on the possibility that the issues may again appear should Taylor again seek admission to the bar of the Eastern District, free of the sanction.

The judgment below is vacated [1] and the appeal is dismissed.

RUBIN, Circuit Judge, specially concurring:

This case is moot only if the issues are not capable of repetition, avoiding review. That will occur if Taylor should seek readmission to practice in the Eastern District of Texas, as he states he plans to do, and if that court readmits him only on condition that he perform the conditions set out in its judgment and then refuses to stay its order pending appeal. Should that occur, then the district court should stay its order so that Taylor may obtain appellate review. Such a stay would be particularly appropriate in view of our comment in footnote 1.

---

1. We neither express an opinion regarding the merits of the judgment below nor suggest that should Taylor seek admission to the Eastern

District of Texas that the court cannot without further hearings reinstate the order here vacated should it choose to do so.