**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 18, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 02-11132

ZEN MUSIC FESTIVALS, A TEXAS LIMITED LIABILITY COMPANY,

Plaintiff-Appellee,

VERSUS

RAY STEWART,
IN HIS OFFICIAL CAPACITY AS SHERIFF OF ELLIS COUNTY, TEXAS; and

AL CORNELIUS, IN HIS OFFICIAL CAPACITY AS ELLIS COUNTY
ADMINISTRATOR,

Defendants,

VERSUS

JOHN CORNYN, ATTORNEY GENERAL OF THE STATE OF TEXAS,

Intervenor-Appellant.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division

(02-CV-1998)

Before EMILIO M. GARZA, and DENNIS, Circuit Judges, and VANCE[*],

District Judge.

---

[*]District Judge of the Eastern District of Louisiana,
sitting by designation.

1

PER CURIAM:[**]

Intervenor John Cornyn, Attorney General of Texas ("Texas Attorney General"), appeals from the district court's September 19, 2002 preliminary injunction enjoining defendants Ray Stewart and Al Cornelius, the sheriff and administrator of Ellis County respectively, from enforcing the permit requirement of the Texas Mass Gathering Act, Tex. Health & Safety Code Ann §§ 751.001-751.013 ("TMGA"), against plaintiff, Zen Music Festivals, L.L.C. ("Zen") with respect to a music concert that was promoted and held by Zen on September 21, 2002 on the Beaumont Ranch in Ellis County, Texas. For the reasons stated below, we dismiss this appeal as moot.

I

Zen promotes and holds annual music festivals in Texas. It intended to hold a music concert on September 21, 2002 on private property in Ellis County, Texas that it expected would attract over 5,000 people who would remain at the location for more than five continuous hours. The TMGA requires, *inter alia,* a permit for a "person" such as Zen to hold a "mass gathering," which is defined as "a gathering that is held outside the limits of a municipality and that . . .is expected to attract more than 5,000 persons who will be at the meeting location for more than five continuous

---

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

hours." *See* TMGA §§ 751.002(2) (defining "person"); 751.003 (describing permit requirement generally); 751.002(1) (defining "mass gathering").

Accordingly, on August 28, 2002, Zen applied for a permit to hold the music concert from defendant Judge Al Cornelius of Ellis County. *See id.* § 751.004 (providing that the permit applicant must apply to the county judge of the county in which the "mass gathering" is to be held). Judge Cornelius held a hearing and on September 9, 2002 denied the permit.

On September 13, 2002, Zen filed suit against the defendants in the district court under 42 U.S.C. § 1983, claiming that the TMGA is facially invalid under the First Amendment and requesting a permanent injunction precluding defendants from enforcing the TMGA. On September 16, 2002, Zen filed an emergency application for a preliminary injunction, asking the district court to enjoin the defendants from enforcing the TMGA against Zen in relation to the September 21, 2002 music concert. On September 18, 2002, the Texas Attorney General was granted leave to intervene in this case pursuant to 28 U.S.C. § 2403(b). On September 19, 2002, after a hearing, the district court issued a preliminary injunction that prevented defendants from enforcing the permitting requirements of the TMGA against Zen with respect to the September 21, 2002 music concert. Zen promoted and held the music concert as scheduled on September 21, 2002. On October 4, 2002, the Texas Attorney General

appealed from the preliminary injunction judgment, and on October 8, 2002, the district court stayed all further proceedings in the case pending appeal.

## II

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation omitted). "[T]he question is not whether the precise relief sought at the time an application for injunction was filed is still available. The question is whether there can be *any* effective relief." *Vieux Carre Property Owners v. Brown*, 948 F.2d 1436, 1446 (5th Cir. 1991). If there can be no effective relief, then any decision by the appellate court would be advisory. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000).

Courts have established an exception to the mootness doctrine for "issues capable of repetition, yet evading review." Specifically, "[a]lthough a case may be technically moot, a federal court may nevertheless retain jurisdiction if a continuing controversy exists or if the challenged problem is likely to recur or is otherwise capable of repetition." *Vieux Carre*, 948 F.2d at 1447. This exception, however, "is inapplicable in those situations in which the issues underlying the appeal are not moot in the case remaining before the district court." *Marilyn T. v. Evans*, 803 F.2d 1383, 1385 (5th Cir. 1986) (concluding that the

4

exception did not apply where the district court's denial of a preliminary injunction was not a final decision on the constitutionality of the challenged action).

In the specific context of a preliminary injunction, where "the terms of the injunction . . . have been fully and irrevocably carried out," and where any underlying issues remain for a trial on the merits of the case, the appeal of the preliminary injunction should be dismissed as moot. *University of Texas v. Camenisch*, 451 U.S. 390, 398 (1981). It is improper to hear an appeal of a remaining issue at the preliminary injunction stage because of the significant differences between a preliminary injunction and a permanent injunction or other final disposition on the merits of the case. *See id.* at 394-95. Specifically, "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* at 395.

In this case, the Texas Attorney General is appealing a preliminary injunction that prohibited defendants from enforcing Texas' TMGA permit requirements against Zen in relation to a music concert that has already happened. Because "the terms of the

5

injunction have been fully and irrevocably carried out," any remaining issues should be considered after the trial on the merits. *Id.* at 398. No exceptions exist here because "the issues underlying the appeal are not moot in the case remaining before the district court." *Marilyn T.*, 803 F.2d at 1385. Accordingly, we dismiss this appeal as moot and remand the case to the district court for proceedings consistent with this opinion.

DISMISSED and REMANDED.