**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRANSEURO AMERTRANS
WORLDWIDE MOVING AND
RELOCATIONS LIMITED,

   Plaintiff - Appellant,

v.

CONOCO, INC. AND PHILLIPS
PETROLEUM COMPANY,

   Defendants - Appellees.

No. 02-5174
D.C. No. 02-CV-342-H
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **McCONNELL** , and **TYMKOVICH,** Circuit Judges.

Transeuro Amertrans ("Transeuro"), a European moving company, seeks to

enjoin the merger of Conoco, Inc. ("Conoco") and Phillips Petroleum Company

("Phillips"); toward that goal, it appeals the district court's denial of its request

for a preliminary injunction. Because the act sought to be enjoined—the merger

between Conoco and Phillips—has occurred, we conclude that Transeuro's appeal

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

from the denial of the preliminary injunction is moot. Accordingly, we **DISMISS**.

On November 19, 2001, Conoco and Phillips announced to the public their intention to merge. Transeuro filed this action on April 30, 2002, seeking to enjoin the then-impending merger. Having learned that the FTC's approval of the merger was imminent, on August 20, 2002, Transeuro filed a motion for a temporary restraining order. The district court denied this motion on August 22, finding that Transeuro failed to show irreparable injury. It set a hearing for Transeuro's pending preliminary injunction motion, which was ultimately held on September 17, 2002. Following the hearing, the district court issued an order on October 9, 2002, denying Transeuro's preliminary injunction for lack of standing.

On appeal, Transeuro asks us to reverse the district court's denial of the preliminary injunction. Before considering the merits of the appeal, however, we must determine whether we have subject matter jurisdiction. "Mootness is a matter of jurisdiction, [and] a court may raise the issue sua sponte." McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). It is firmly established that an appeal from the denial of a motion for a preliminary injunction is rendered moot when the act sought to be enjoined has occurred. See Rio Grande Silvery Minnow v. Keys III, 355 F.3d 1215, 1220 (10th Cir. 2004) (10th Cir. 2004); Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 613 (1st Cir. 1993);

<u>Railway Labor Executives Ass'n v. Chesapeake W. Ry.</u>, 915 F.2d 116, 118 (4th Cir. 1990); <u>Garza v. Westergren</u>, 908 F.2d 27, 29 (5th Cir. 1990); <u>Gilpin v. American Fed'n of State, County, & Mun. Employees, AFL-CIO</u>, 875 F.2d 1310, 1313 (7th Cir. 1989); <u>In re Sewanee Land, Coal & Cattle, Inc.</u>, 735 F.2d 1294, 1295 (11th Cir. 1984).

After the district court's denial of Transeuro's motion for a temporary restraining order and before the preliminary injunction hearing, on August 30, 2002, Conoco and Phillips consummated their merger. In the instant case, therefore, it is undisputed that the act sought to be enjoined by Transeuro has now occurred. Accordingly, we conclude that Transeuro's appeal of the denial of its preliminary injunction motion is moot.

At oral argument, Transeuro recognized this jurisdictional problem and attempted to reframe its request for relief as a request for divestiture. Indeed, Transeuro appears to have made a Motion for an Order of Divestiture on September 16, 2002. However, the district court did not rule on the divestiture motion in its denial of Transeuro's preliminary injunction motion. Rather, the district court stated:

> [T]he Court finds that Plaintiff Transeuro does not have standing to seek a preliminary injunction in this matter. Therefore, Plaintiff's motion for a preliminary injunction . . . is hereby denied. By this order, the Court finds it unnecessary to reach any other issue presented in this case.

Transeuro Amertrans Worldwide Moving and Relocations Ltd. v. Conoco, Inc., No. 02-CV-342-H (D. Okla. filed Oct. 9, 2002). In its notice of appeal to this court, moreover, Transeuro appeals only "from the order denying plaintiff's motion for preliminary injunction." (App. of Appellant at 262.)

The sole issue before us, therefore, is the district court's denial of Transeuro's motion for a preliminary injunction. It would be improper for us to address Transeuro's divestiture motion for the first time on appeal. Because the district court has not yet resolved the ultimate issue of divestiture, we decline to address that issue prematurely.

Accordingly, we **DISMISS**.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-4-