# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2021

Lyle W. Cayce
Clerk

No. 20-50938

Rockett Special Utility District,

*Plaintiff—Appellant*,

*versus*

Will McAdams, *in his official capacity as Commissioner of the Public Utility Commission of Texas*; Lori Cobos, *in her official capacity as Commissioner of the Public Utility Commission of Texas*; Jimmy Glotfelty, *in his official capacity as Commissioner of the Public Utility Commission of Texas*; Thomas Gleeson, *in his official capacity as Executive Director of the Public Utility Commission of Texas*; Alamo Mission, L.L.C.; City of Red Oak Industrial Development Corporation,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-1007

Before Stewart, Costa, and Willett, *Circuit Judges*.

Per Curiam:[*]

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50938

Plaintiff Rockett Special Utility District is a retail public utility. Defendants Alamo Mission LLC and Red Oak Industrial Development Corporation each petitioned the Texas Public Utility Commission (PUC) to remove some land from Rockett's service area. Rockett sued, seeking to stop everyone involved—the PUC's commissioners, its executive director,[1] Alamo Mission, and Red Oak—through declaratory and injunctive relief. Rockett claimed that a "Conditional Commitment" by the United States Department of Agriculture (USDA) to back a loan gives Rockett protections from service-area encroachment under 7 U.S.C. § 1926(b). But now on appeal, Rockett no longer has a Conditional Commitment. It has received a "Loan Note Guarantee" from the USDA, which is the subject of litigation in a different case but not this one.[2]

An issue is moot when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (cleaned up and citations omitted)). It is impossible for us to grant effectual injunctive or declaratory relief when the basis for that relief no longer exists. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478–79 (1990) (holding claims for declaratory and injunctive relief moot due to an intervening congressional amendment). Here,

---

[1] The PUC's commissioners and executive director have changed since Rockett filed this suit. We have substituted the current officeholders. *See* Fed. R. App. P. 43(c)(2).

[2] Plaintiff's Original Complaint at 10, *Rockett Special Utility District v. Botkin*, No. 20-CV-1207 (W.D. Tex. Dec. 10, 2020) (Dkt. 1) ("[T]he USDA issued . . . a Loan Note Guarantee . . . to Rockett."). Alamo Mission has asked us to take judicial notice of this new lawsuit. No party opposed its motion, and we may take judicial notice of proceedings in the district court. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (per curiam) (citation omitted). Therefore, we GRANT Alamo Mission's pending motion for us to take judicial notice of Rockett's new suit.

the basis for granting prospective relief no longer exists. Simply put, Rockett no longer has a Conditional Commitment. Rather, it has a Loan Note Guarantee that is not part of this litigation. Because we cannot grant Rockett effectual relief, this case is moot.

"When a case becomes moot on appeal, the appellate court should vacate the order of the district court and order dismissal of the action." *In re Taylor*, 916 F.2d 1027, 1028 (5th Cir. 1990). Sometimes there is another option—vacate and remand—when (1) "the mootness is attributable to a change in the legal framework governing the case," and (2) "the plaintiff may have some residual claim under the new framework that was understandably not asserted previously." *Lewis*, 494 U.S. at 482. Rockett contends that this case fits within this exception. We disagree. The legal *framework* governing this case has not changed. Only Rockett's *rights* under that legal framework have. Plus, Rockett has already asserted any residual claim it may have in its separate suit. Therefore, we will stick with our general rule.

*     *     *

For these reasons, we DISMISS this appeal, VACATE the district court's judgment, and REMAND this case to the district court with instructions to DISMISS. Red Oak's pending motion for us to take judicial notice of further proceedings in the PUC is DENIED.