# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2022

Lyle W. Cayce
Clerk

No. 21-11249

Joseph Woodruff; Erica Jobe;
Mandee Katz; Scott Babjak,

*Plaintiffs—Appellants*,

*versus*

Caris MPI, Incorporated;
Caris Life Sciences, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-2993

Before Jones, Ho, and Wilson, *Circuit Judges*.

Per Curiam: *

Defendants Caris MPI, Inc. and Caris Life Sciences, Inc. (collectively, "Caris") required their then-employees, Plaintiffs Joseph Woodruff, Erika Jobe, Mandee Katz, and Scott Babjak, to receive the COVID-19 vaccine or

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11249

face termination.    Following the denials of their exemption requests, Plaintiffs sought a TRO, preliminary and permanent injunctions preventing their termination, or, alternatively, an injunction ordering their reinstatement pending resolution of their respective complaints with the Equal Opportunity Employment Commission ("EEOC").    Following a hearing, the district court denied the preliminary injunction request based on a lack of irreparable harm, but it did not reach the alternative request, which was not yet ripe.    After Plaintiffs appealed,  Caris fired them.  Caris moves to dismiss the appeal.  We VACATE as moot the district court's order denying injunctive relief but REMAND for further proceedings.

Caris implemented a policy on September 17, 2021 that required its employees to receive a COVID-19 vaccine on or before December 1, 2021. Employees who worked exclusively from home were excluded from the mandate, and others could seek exemptions for medical or religious reasons. Non-compliant, non-exempt employees were subject to termination.

Woodruff, Jobe, Katz, and Babjak each requested religious exemptions, while Jobe and Katz also sought medical exemptions.  Caris denied those requests.[1]  It also declined to grant any appeals.  Plaintiffs then filed discrimination complaints with the Equal Opportunity Employment Commission ("EEOC").    Babjak received a notice of Charge of Discrimination, but the record reflects no additional activity involving the EEOC.[2]

---

[1] Caris did, however, apparently grant religious exemptions to four employees under Woodruff's supervision.

[2] We were informed during oral argument that one plaintiff has received a right to sue letter.

2

No. 21-11249

On November 30, Plaintiffs concurrently filed a complaint and an application seeking a TRO, preliminary and permanent injunctions. First, Plaintiffs sought to "enjoin CARIS from enforcing its vaccine mandate and firing [them] because the mandate is illegal because it violates Governor Abbot's [Executive Order GA-40]." That first basis for injunctive relief relates to Plaintiffs' claims under 28 U.S.C. § 2201(a) for a declaration that the vaccination mandate violates GA-40. Second, Plaintiffs sought "injunctive relief pending the outcome of their EEOC complaints." This second basis for injunctive relief relates to Plaintiffs' religious discrimination claims under Title VII and disability discrimination claims under the ADA, asserted by Katz and Jobe.

On December 1, the district court held a hearing and orally denied Plaintiffs' request for injunctive relief, following up with a formal order two days later. The court ruled exclusively on the ground that Plaintiffs failed to establish a substantial threat of immediate and irreparable harm if their application was not granted. Plaintiffs timely appealed.

Caris terminated Woodruff, Jobe, and Katz soon after the court's order, and it terminated Babjak almost three months later for his failure to comply with the vaccine policy. Plaintiffs seek in this appeal the relief not mentioned by the district court, "reinstatement of their positions while awaiting [] a decision from the EEOC." Plaintiffs' appeal is limited to their Title VII claims. Because they mention neither the request for declaratory relief based on GA-40 nor Katz's and Jobe's ADA claims, those issues are forfeited. Caris filed a merits brief in response and moved to dismiss the appeal as non-justiciable due to mootness or lack of standing. This court carried the motion to dismiss with the case.

We review questions of federal jurisdiction, including mootness and standing, *de novo. Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524

(5th Cir. 2009) (citation omitted); *see also James v. City of Dallas*, 254 F.3d 551, 562 (5th Cir. 2001) (citations omitted). Whether mootness or standing analysis comes first is discretionary because a reviewing court can "choose among threshold grounds for denying audience to a case on the merits[.]" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585, 119 S. Ct. 1563, 1570 (1999). Because this appeal is moot, we need not address standing.

"A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 726 (2013) (internal quotation marks and citation omitted). The court must dismiss an action "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation[.]" *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016) (internal quotation marks and citations omitted). But that situation occurs only "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks and citations omitted).

Further, we have "long been careful to note an exception to the general principle of mootness in instances where some issues of a case have become moot but the case as a whole remains alive because other issues have not become moot." *La. Env't Action Network v. EPA*, 382 F.3d 575, 581 (5th Cir. 2004) (internal quotation marks and citations omitted). In other words, "[w]here several forms of relief are requested and one of these requests subsequently becomes moot, [courts have] still considered the remaining requests." *Powell v. McCormack*, 395 U.S. 486, 496 n.8, 89 S. Ct. 1944, 1951 (1969) (citing *Standard Fashion Co. v. Magrane-Houston Co.*, 258 U.S. 346,

394, 42 S. Ct. 360, 361 (1922)); *see also University of Texas v. Camenisch*, 451 U.S. 390, 101 S. Ct. 1830, 1833 (1981) (acknowledging "another instance in which one issue in a case has become moot, but the case as a whole remains alive because other issues have not become moot[]"); *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th Cir. 2020) (citation omitted) ("[R]esolution of a particular issue may be moot even if other issues on appeal remain ripe.").

This case is a paradigm of the *La. Env't Action Network* "exception." Plaintiffs' appeal is moot, but a live controversy remains in the district court. As to the appeal, the district court only denied Plaintiffs' request for an "order enjoining CARIS from enforcing its vaccine mandate and terminating their employment[.]" After Caris terminated Plaintiffs, no order of this court could affect the parties' rights regarding whether Plaintiffs' terminations should have been enjoined. *See Marilyn T., Inc. v. Evans*, 803 F.2d 1383, 1384 (5th Cir. 1986) (citations omitted). Lacking the ability to grant any effectual relief with respect to the completed terminations, we must dismiss this appeal as moot. *See id*; *see also Knox*, 567 U.S. at 307-08, 132 S. Ct. at 2287 (citations omitted).

As to the underlying action, it remains alive. The district court did not rule on Plaintiffs' alternative request, still pending, for "an injunction requiring reinstatement" pending resolution of their EEOC complaints. Their request is based on Fifth Circuit precedent holding that federal courts can in some circumstances order employers to reinstate former employees "pending final disposition of [their] charge[s] before the [EEOC]."[3]  *See*

---

[3] Other circuits appear to be in accord, though their decisions are of similar older vintage. *See Wagner v. Taylor*, 836 F.2d 566, 574 (D.C. Cir. 1987); *Aronberg v. Walters*, 755 F.2d 1114, 1116 (4th Cir. 1985); *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877, 887-903 (2d Cir. 1981); *McNail v. Amalgamated Meat Cutters & Butcher Workmen of North America*, 549 F.2d 538, 542 n. 10 (8th Cir. 1977); *Berg v. Richmond Unified School Dist.*,

No. 21-11249

*E.E.O.C. v. Liberty Mutual Ins. Co.*, 475 F.2d 579, 579-80 (5th Cir. 1973) (*per curiam*), *cert. denied*, 414 U.S. 854, 94 S. Ct. 152 (1973). In addition, "[w]hen an appeal from an interlocutory order concerning injunctive relief becomes moot, appellate courts routinely decline to address the other issues remaining before the district court." *Marilyn T., Inc.*, 803 F.2d at 1385 n.5 (collecting cases); *see also id.* (citing *Crowell v. Mader,* 444 U.S. 505, 506, 100 S. Ct. 992 (1980)(*per curiam).* That precedent is applicable here and counsels us to decline to consider the reinstatement remedy in the first instance. We leave the resolution of that claim to the district court.

For the foregoing reasons, we VACATE as moot the district court's order denying injunctive relief and REMAND for further proceedings consistent herewith.

---

528 F.2d 1208, 1211 (9th Cir. 1975), *vacated on other grounds*, 434 U.S. 158, 98 S. Ct. 623 (1977).